**STATE ex rel. Richard A. KING, Director of Revenue, Relator,**

v.

**Honorable Byron L. KINDER, Judge of the Circuit Court of Cole County, Mo., Div. II, Respondent.**

**No. 66711.**

Supreme Court of Missouri, En Banc.

May 29, 1985.

Chris Jordan, Ninion S. Riley, Missouri Dept. of Revenue, Richard L. Wieler, Asst. Atty. Gen., Jefferson City, for relator.

John W. Ellinger, Jefferson City, for respondent.

GUNN, Judge.

The Director of Revenue brings this action in prohibition to prevent the respondent circuit judge from enforcing a stay order issued in the Cole County Circuit Court. The critical issue is whether, pending a trial de novo, the circuit court may stay the director's order suspending or revoking driving privileges of an individual arising out of an alcohol related traffic offense under §§ 302.500–.540, RSMo Cum. Supp.1984. The Director had issued an order revoking Edward McBride's driving privileges. Pending trial de novo, the respondent issued a stay order of the Director's revocation. The Director refused to lift the revocation of McBride's driving privileges, contending that the respondent had no jurisdiction to enter the stay. Upon threat of being held in contempt of court for refusing to lift the revocation, the Director filed this application for writ of prohibition. We issued our provisional rule in prohibition, which is now made peremptory.

The underlying facts are not in dispute. The Department of Revenue revoked the

license of Edward McBride upon its determination that McBride had been driving while possessing a Blood Alcohol Content (BAC) in excess of thirteen hundredths of one percent. This was done pursuant to § 302.505, RSMo Cum.Supp.1984. That determination was upheld in an administrative hearing. McBride then filed for a trial de novo in circuit court, attaching to his petition a motion for stay of license revocation. The respondent circuit court judge granted the petitioner's motion, but the Director refused to lift the revocation order. Contempt of court was threatened, and this proceeding followed.

McBride subsequently dismissed his petition for a trial de novo and has pleaded guilty to related charges. However, resolution of the underlying cause involving McBride does not require dismissal of this case, because the Director of Revenue arguably remains subject to punishment for having disobeyed the circuit court's order to stay revocation of McBride's license. Further, if the respondent's stay order is beyond the jurisdiction of the circuit court, a violation of that order by the Director is not punishable as contempt. *Missouri Electric Power Co. v. City of Mountain Grove*, 352 Mo. 262, 176 S.W.2d 612, 616 (Mo.1944). The sole question, therefore, is whether the circuit court lacked jurisdiction to issue the stay order.

We agree with the Director's contention that the circuit court's power to issue an order staying the revocation of McBride's license was abrogated by the enactment of § 302.535(2), RSMo Cum.Supp.1984, which states in pertinent part that "[t]he filing of a petition for trial de novo shall not result in a stay of the suspension or revocation order." The language could not be more explicit.

Respondent submits, however, that the legislature intended only to dispense with "automatic" stays which were specifically provided in the 1983 version of the statute. Respondent urges that the circuit court retains the power to issue a stay upon the application of the petitioner. This is not so.

The trial de novo procedure employed by McBride to obtain a rehearing on the revocation of his license is purely a statutory remedy. When a court of general jurisdiction engages in the exercise of special statutory power, such as the trial de novo set out in § 302.535.1, RSMo Cum.Supp.1984, the court's authority is strictly confined to that provided in the statute. *Randles v. Schaffner*, 485 S.W.2d 1, 3 (Mo. 1972); *State v. Cox*, 639 S.W.2d 425, 430 (Mo.App.1982). Here, the statute emphatically restricts the court's power to issue a stay. The circuit court must comply with the legislative directive. The respondent's stay order was in excess of jurisdiction and, hence, void. *Id.*

Moreover, the current statute provides for the issuance of temporary, restricted driving permits in certain cases. Sections 302.535.2 and .3, RSMo Cum.Supp.1984. The 1983 version of this same statute did not contain a similar provision. It is evident, therefore, that the restricted driving permits are to be issued, when authorized, in lieu of a stay of revocation or suspension of a license. Any contention that the legislature intended for the circuit court to issue stays, in addition to the provision for restricted licenses, ignores the primary purpose of the act as embraced in §§ 302.-500–.540, RSMo Cum.Supp.1984. That purpose is to expeditiously remove from Missouri roadways the intoxicated driver. The General Assembly speaks clearly in this regard.

In the light of our decision that respondent lacked jurisdiction to issue a stay of license revocation, prohibition is appropriate. *State ex rel. Estill v. Iannone*, 687 S.W.2d 172 (Mo. banc 1985); *State ex rel. Eggers v. Enright*, 609 S.W.2d 381, 382 (Mo. banc 1980).

The provisional rule in prohibition is made peremptory.

RENDLEN, C.J., and HIGGINS, BILLINGS, BLACKMAR and DONNELLY, JJ., concur.

WELLIVER, J., dissents in separate opinion filed.

WELLIVER, Judge, dissenting.

I respectfully dissent.

The petition for a trial de novo being dismissed I would hold that the case is moot and dismiss the appeal.