**William J. BRADLEY, Plaintiff-Respondent,**

v.

**Paul S. McNEILL, Jr., Substituting for Richard A. King, Director of Revenue, State of Missouri, Defendant-Appellant.**

No. 49520.

Missouri Court of Appeals, Eastern District, Division One.

May 6, 1986.

**154**

William L. Webster, Atty. Gen., Richard L. Wieler, Asst. Atty. Gen., Ninion S. Riley, Sp. Asst. Atty. Gen., Sharon M. Busch, Asst. General Counsel, Jefferson City, for defendant-appellant.

Joseph P. Cunningham, Festus, for plaintiff-respondent.

CARL R. GAERTNER, Presiding Judge.

Appellant, the Department of Revenue, appeals the circuit court's injunction against suspending respondent's driver's license for driving while intoxicated. On May 12, 1984, respondent was stopped after a State Highway Patrolman observed him driving erratically. Respondent was arrested and charged with driving while intoxicated, based upon his erratic driving, slurred speech, bloodshot eyes, lack of coordination, alcoholic breath, and failure of field sobriety tests. No contention has been made by respondent that the arresting officer lacked probable cause for stopping or arresting him. A breathalyzer test conducted on the driver showed a blood-alcohol concentration of .16 of one percent.

Respondent's driver's license was suspended immediately, pursuant to § 302.520, RSMo.Supp.1984. Respondent then requested an administrative hearing to review the suspension, § 302.530, and this was held on June 27, 1984. Present at the hearing were respondent, his attorney, and a hearing officer from the Department of Revenue. The sole issue at such a hearing is whether, by a preponderance of the evidence, the suspended licensee was driving while the alcohol concentration by weight in his blood or breath was thirteen-hundredths of one percent or more. "If the department finds the affirmative of this issue, the suspension or revocation shall be sustained. If the department finds the negative of the issue, the suspension or revocation order shall be rescinded." § 302.530. After receiving the "verified report of the arresting officer," without the officer himself being present, the hearing officer sustained the suspension of respondent's license.

Within fifteen days of the mailing of the agency's decision, respondent filed a petition in the circuit court to enjoin the license suspension, or in the alternative to grant

respondent a trial de novo. Although § 302.535 confers an automatic right to a trial de novo to anyone aggrieved by a decision of the Department of Revenue, the circuit court entertained the petition seeking an injunction. On November 16, 1984, the court declared that the Department of Revenue was "permanently enjoined from suspending the license of Petitioner until Petitioner has been afforded a fair and complete administrative hearing as required by law." What the court found unfair about the administrative hearing respondent received was that "the prosecuting official and the hearing officer were one and the same person." The court indicated to counsel for the Department that he wanted "a prosecutor and a judge" provided at the administrative level.

I

■ We cannot agree with the circuit court that the administrative procedure adopted by the Department is *per se* unfair to those whose licenses have been suspended. "Without a showing to the contrary, state administrators 'are assumed to be men of conscience and intellectual discipline, capable of judging a particular controversy fairly on the basis of its own circumstances.'" *Withrow v. Larkin*, 421 U.S. 35, 55, 95 S.Ct. 1456, 1468, 43 L.Ed.2d 712 (1975) (quoting *United States v. Morgan*, 313 U.S. 409, 421, 61 S.Ct. 999, 1004, 85 L.Ed. 1429 (1941)). Moreover, it has been oft-repeated that the mere fact the same agency makes the initial charge and then the ultimate adjudication does not automatically result in a due process violation. *Moore v. Board of Education of Special School Dist.*, 547 S.W.2d 188, 191 (Mo.App.1977); *see also Withrow*, 421 U.S. at 51–53, 95 S.Ct. at 1466–67.

As stated previously, the sole issue in the hearing respondent was given was whether he was driving a vehicle while his blood-alcohol concentration was .13 of one percent or more. The report of the arresting officer, together with results of the chemical test performed on the driver, ordinarily should be sufficient to establish either the affirmative or negative of the narrow issue for decision. True, the hearing officer effectively introduces the evidence, rules on its admissibility, and makes the ultimate adjudication. But we fail to see how the formality of adding one more person to the process—he or she also from within the department—would guarantee a petitioner's right to due process any more than the current practice.

Respondent relies upon *Matter of Duncan*, 541 S.W.2d 564, 568 (Mo.banc 1976), where it is stated:

The respondent [judge who was suspended by the Commission on Retirement, Removal and Discipline] first claims that he was denied due process of law because the commission's structure combines both prosecutorial and adjudicatory functions in the same body. If this was actually the case, then we would agree with respondent that such a proceeding would be unfair. A fair trial and a fair tribunal are essential to due process and the combination of prosecutor and judge in one body creates a high probability of unfairness.

The *Duncan* court went on to note that what actually was combined within the Commission were the functions of *investigation* and adjudication, and the court found no due process violation in this. 541 S.W.2d at 568.

■ While we do not quarrel with the principle that where one person acts as both prosecutor and judge a possibility of unfairness exists, the facts of each case must be examined when resolving a due process challenge. With regard to §§ 302.-500–.535, whether one, two or twenty people from the agency become involved in each hearing, the instigation of charges and adjudication of the propriety of the suspension will both be performed by the Department of Revenue. To hold that this is unfair would be to obliterate the scheme for administrative hearings already in place. In the confines of this procedure, where the issue is narrow and precise, and where the right to trial de novo is automatic, it is not unfair for the Department of

Revenue to have the required functions carried out by one person.

> The statute, therefore, sets forth precise standards for the invocation of the penalty. The law does not encourage arbitrary or discriminatory enforcement. This is not a circumstance in which the legislature has failed to provide such minimal guidelines that police and Revenue Department officials are permitted to pursue their "personal predilections."

*Vetter v. King,* 691 S.W.2d 255, 257 (Mo. banc 1985), *citing Kolender v. Lawson,* 461 U.S. 352, 358, 103 S.Ct. 1855, 1858, 75 L.Ed.2d 903 (1983).

■ Section 302.500 et seq. "was designed to expeditiously remove the most dangerous drunk drivers from Missouri roadways." *Collins v. Director of Revenue,* 691 S.W.2d 246, 252 (Mo.banc 1985). The procedures currently in use to further this end are not violative of due process rights.

## II

■ Part I of this opinion is written to explain that the hearings provided by the Department of Revenue are not fundamentally unfair, and certainly do not raise due process concerns.[1] In this case, there is a fundamental reason for dissolving the injunction granted by the associate circuit judge. To invoke the equitable powers of a court, a plaintiff must demonstrate affirmatively that he has no adequate legal remedy. *State ex rel. General Dynamics Corp. v. Luten,* 566 S.W.2d 452, 460 (Mo. banc 1978); *McNulty v. Heitman,* 600 S.W.2d 168, 172 (Mo.App.1980). Here, the very statutory scheme under which respondent's license was suspended provides a legal remedy.

Section 302.535(1) provides in part:

> Any person aggrieved by a decision of the department may file a petition for trial de novo by the circuit court. The burden of proof shall be on the state to adduce the evidence. Such trial shall be conducted pursuant to the Missouri rules of civil procedure and not as an appeal of an administrative decision pursuant to chapter 536, RSMo. The petition shall be filed in the circuit court of the county where the arrest occurred.

Neither party raised the issue of an adequate legal remedy, and the court apparently did not *sua sponte* undertake to make the determination. Our resolution of this issue is made simple by the clear language of the pertinent statute providing for trial de novo, quoted above. "The essential that plaintiffs be without an adequate legal remedy did not exist at the time the ... judge proceeded to act and the trial judge therefore exceeded his jurisdiction in restraining the defendants from proceeding...." *State ex rel. Phillips v. Yeaman,* 451 S.W.2d 115, 119 (Mo.banc 1970). *See also City of Independence v. DeWitt,* 550 S.W.2d 840, 844 (Mo.App.1977) ("The general rule is that an injunction will not lie if there is an adequate remedy at law.").[2]

■ As an ancillary point, the Department of Revenue maintains it was improperly taxed with court costs. The Department is correct. "It is well established that absent a statute to the contrary, costs are not recoverable from the state in its own courts." *Vetter v. King,* 691 S.W.2d 255, 258 (Mo.banc 1985). This part of the judgment of the court, therefore, is also reversed.

The cause is remanded to the circuit court with directions to dissolve the injunction granted November 16, 1984, and to

---

1. It must be remembered that driving a motor vehicle is a privilege, and not an individual's inherent right. *See State v. Svendrowski,* 692 S.W.2d 348, 349 (Mo.App.1985).

2. It is also significant that Mo. Const. Art. V, § 18 provides: "All final decisions, findings, rules and orders [of] any administrative officer ... shall be subject to direct review by the courts as provided by law;...." Clearly, the intent of the legislature was to provide review of Department of Revenue decisions via trial de novo in the circuit court, as evidenced by § 302.535.

proceed in a manner consistent with this opinion.

SMITH and SNYDER, JJ., concur.