STATE ex rel. DIRECTOR
OF REVENUE, State of
Missouri, Relator,

v.

The Honorable Byron L. KINDER,
(Respondent).

No. WD 47492.

Missouri Court of Appeals,
Western District.

Aug. 17, 1993.

Motion for Rehearing and/or Transfer to Supreme Court Denied Sept. 28, 1993.

Jeremiah W. (Jay) Nixon, Atty. Gen., James A. Chenault, III, Sp. Asst. Atty. Gen., Mo. Dept. of Revenue, Jefferson City, for relator.

Mark Anthony Richardson, Jefferson City, for respondent.

Before KENNEDY, P.J., and TURNAGE and SMART, JJ.

KENNEDY, Judge.

The respondent judge ordered the Director of Revenue to issue John E. Lindsey a restricted driving privilege, pending resolution of Lindsey's circuit court challenge to the Director of Revenue's 30–day suspension of his driver's license, to be followed by 60–days' restricted driving privileges. At the time of the court's order, Mr. Lindsey had not completed 30 days' suspension. On the petition of the Director of Revenue claiming the court had exceeded its jurisdiction in making the order, we issued our preliminary writ of prohibition, and we now make the same permanent.

Mr. Lindsey was arrested while driving his automobile. A chemical test administered by the police officers showed his alcohol blood content to be in excess of .10 percent. Pursuant to sections 302.520, RSMo Supp.1992, and 302.525, RSMo Supp.1992, Mr. Lindsey was notified that his driver's license was to be suspended by the Department of Revenue for a period of 30 days followed by a period of 60 days of limited driving privileges.

Mr. Lindsey requested a hearing for an administrative review of the determination to suspend his driver's privileges. § 302.530, RSMo 1986.

The hearing was set for December 30, 1992, but, before the hearing, Mr. Lindsey filed in the Circuit Court of Cole County a "Petition for Restraining Order and Declaratory Judgment." The petition requested the court to order the Director of Revenue to issue restricted driving privileges to Mr. Lindsey pending resolution of the declaratory judgment action.

The administrative hearing proceeded, and resulted in the upholding of the decision to

suspend Mr. Lindsey's driving privileges. The decision was dated January 3, 1993. Mr. Lindsey then amended his petition in the Circuit Court of Cole County, adding a count for a trial de novo of the administrative suspension of driving privileges. § 302.-535.1, RSMo 1986.

The court on February 8, 1993, took up Mr. Lindsey's motion for a temporary restraining order, granted the same and entered an order directing the Director of Revenue to issue restricted driving privileges to Mr. Lindsey. This was before the 30–day license suspension period ended, which had begun January 30, 1993. The Director of Revenue claimed this order was beyond the Court's jurisdiction, and sought the present writ of prohibition. We issued our preliminary writ, ordering the court's order vacated.

■ The thrust of Mr. Lindsey's circuit court petition for declaratory judgment and ancillary relief was that there is a conflict between sections 302.535.2, RSMo 1986, and 302.525.2(1), RSMo Supp.1992. The former section was enacted in 1984 and provides that the Department of Revenue, upon the suspended driver's filing of a petition for trial de novo, shall issue restricted driving privileges to one whose driver's license has been administratively suspended if the department records show no prior alcohol related enforcement contact during the immediately preceding five years. It is that statute which Mr. Lindsey claims entitles him to restricted driving privileges upon filing his petition for trial de novo. Mr. Lindsey, upon the filing of his petition for trial de novo, would be qualified for the restricted driving privilege under the terms of that section, if the section could be read by itself without qualification by other related statutes.

Section 302.525.2(1) provides that the department is to issue restricted driving privileges for a period of 60 days after an initial 30–day suspension, to a suspended driver with no alcohol related enforcement contact during the immediately preceding five years. By a 1991 amendment, effective July 1, 1992, the following sentence was added to section 302.525.2(1):

... In no case shall restricted driving privileges be issued pursuant to this section or *section 302.535* until the person has completed the first thirty days of a suspension under this section. (emphasis supplied)

■ The sentence last quoted, enacted subsequently to section 302.535.2, has the unmistakable effect of modifying the broad language of section 302.535.2, under which Mr. Lindsey claims entitlement to restricted driving privileges. *See McCrory v. Missouri Highway and Transp. Comm'n*, 756 S.W.2d 575, 577 (Mo.App.1988). Sections 302.500–.541 comprise a comprehensive system, and all the sections must be read in pari materia. *See State ex rel. Rothermich v. Gallagher*, 816 S.W.2d 194, 200 (Mo. banc 1991); *Berdella v. Pender*, 821 S.W.2d 846, 849 (Mo. banc 1991); 2B Sutherland, *Statutory Construction* §§ 51.03, 51.05 (1992).

■ Respondent's brief does not take issue with the propositions declared in the preceding paragraphs. His position is rather that respondent had jurisdiction under Chapter 527 to hold Mr. Lindsey's license suspension in abeyance, setting aside and overriding the section 302.500–.541 proceeding, in order to prevent irreparable harm to Mr. Lindsey, pending the resolution of Mr. Lindsey's declaratory judgment action. (The court's order could only effect a partial abeyance, for Mr. Lindsey's unrestricted driving privileges were not ordered to be restored, but only a diminished driving privilege.) A declaratory judgment action is not available for the construction of a statute, however, under section 527.020, RSMo 1986, in cases where there is a specific, and an adequate, statutory procedure for challenging the administrative ruling made under such statute or statutes. So we have held with respect to the construction of administrative rules, *State ex rel. Alberici, Inc. v. City of Fenton*, 576 S.W.2d 574, 577 (Mo.App.1979), *American Hog Co. v. County of Clinton*, 495 S.W.2d 123, 127 (Mo.App. 1973); 2 Am.Jur.2d *Administrative Law* § 712 (1962), and the principle is broad enough to include the construction of statutes, which is the subject of Mr. Lindsey's declaratory judgment suit. Sections 302.-500–.541 provide that specific and comprehensive procedure for review of Mr. Lindsey's driver's license suspension, including

the construction of the statutes relating to restricted driving privileges. Respondent had no jurisdiction of the declaratory judgment action. *American Hog Co.*, 495 S.W.2d at 125.

Our preliminary rule in prohibition is made absolute. So ordered.

All concur.