STATE of Missouri ex rel. DIRECTOR
OF REVENUE, State of Missouri,
Relator,

v.

The Honorable James E. PENNOYER,
Judge of the Circuit Court of St. Francois County, Missouri, 24th Judicial Circuit, Respondent.

Nos. 64729, 64730.

Missouri Court of Appeals,
Eastern District,
Division Three.

Jan. 25, 1994.

Motion for Rehearing and/or Transfer to
Supreme Court Denied March 9, 1994.

Application to Transfer Denied
April 26, 1994.

Jeremiah W. (Jay) Nixon, Atty. Gen., James A. Chenault, III, Asst. Atty. Gen., Mo. Dept. of Revenue, Jefferson City, for relator.

Eric Charles Harris, Flat River, for respondent.

CRAHAN, Judge.

This is an original proceeding in prohibition filed by the Director of Revenue ("Director") seeking to prevent the respondent circuit judge from enforcing stay orders and entertaining declaratory judgment actions in two separate causes styled Mark S. LaChance v. Janette M. Lohman, Director of Revenue, Cause No. CV593–385CC, and Robert James Stevens v. Raymond T. Wagner, Jr., Director of Revenue, Cause No. CV593–472CC, now pending in the Circuit Court of St. Francois County, Missouri.[1] Director maintains that the circuit court lacks jurisdiction to stay an order of the Director of Revenue suspending or revoking driving privileges of an individual arrested for alcohol-related driving violations and also lacks jurisdiction to hear a declaratory judgment claim challenging the constitutionality of Missouri's statutory scheme for administrative suspension and revocation of driving privileges and appeals therefrom. We find that the circuit court lacks jurisdiction either to issue the stay orders or to entertain the drivers' constitutional claims in separate declaratory judgment counts. We therefore order the preliminary order heretofore issued be made permanent.

The underlying facts of these causes are essentially identical. Both of the petitioners before the circuit court were arrested for driving while intoxicated in St. Francois County, Missouri. Because both petitioners were determined to have blood alcohol contents in excess of .10 percent, their licenses were subject to suspension or revocation pursuant to § 302.505 RSMo Supp.1992.[2] Both petitioners timely requested an administrative hearing pursuant to § 302.530 RSMo 1986. The hearing officer made individual "Findings of Fact and Conclusions of Law" wherein both Stevens' suspension and LaChance's revocation were upheld. Petitioners each filed an Application for Trial de Novo and a Petition for Declaratory Judgment and Injunction challenging the constitutionality of § 302.535 RSMo on due process grounds. In both cases Respondent entered a Stay Order, staying the suspension of Stevens' license and the revocation of LaChance's license. Director thereafter filed an Answer and a Motion to Quash the stay order, which was overruled, prompting Director to seek a writ of prohibition against Respondent.

### Stay of License Suspension/Revocation

■ We will first address Director's challenge to the circuit court's jurisdiction to issue a stay of Stevens' license suspension and LaChance's revocation. If respondent lacked jurisdiction to issue a stay, a writ of prohibition is proper. State ex rel. King v. Kinder, 690 S.W.2d 408, 409 (Mo. banc 1985).

■ In each case, Respondent's orders staying the suspension/revocation of driving privileges provide:

The Court having reviewed the verified Application for Trial De Novo and Petition for Declaratory Judgment and Injunction and being satisfied that a *prima facie* case has been made that Petitioner's Constitutional rights to due process of law may have been violated; and further, that Petitioner's driving privileges will be suspend-

---

1. There were originally four separate petitions for writ of prohibition filed. The causes were consolidated on this court's own motion when the preliminary writ of prohibition was issued. Subsequently, Cause No. CV593–429CC and Cause No. CV593–370CC were severed from Cause No. CV593–385CC and Cause No. CV593–472CC. The former causes have been disposed of separately.

2. Petitioner Stevens' driving privileges were subject to suspension under § 302.525.2(1) RSMo Supp.1992. Because Petitioner LaChance had prior alcohol-related enforcement contacts within the preceding five years, his driving privileges were subject to revocation pursuant to § 302.525.2(2) RSMo Supp.1992.

ed by Respondent ... unless this Court otherwise intervenes; and that Petitioner has not [sic] other adequate remedy at law, to-wit: no provision for hardship or limited driving privileges.

Based on these findings, Respondent issued the stays in the respective causes.

Director urges that the circuit court's power to issue a stay is limited by § 302.535.2 RSMo 1986, which states in pertinent part that "[t]he filing of a petition for trial de novo shall not result in a stay of the suspension or revocation order." The Missouri Supreme Court has interpreted this provision to explicitly prohibit a circuit court from staying a director's order suspending or revoking driving privileges pending trial de novo. *Kinder*, 690 S.W.2d at 409.

The Missouri Supreme Court has recently extended this prohibition to preclude the issuance of an order staying the suspension of driving privileges during an action for injunctive and declaratory relief. *See State ex rel. Director of Revenue v. McHenry*, 861 S.W.2d 562 (Mo. banc 1993). In *McHenry*, driver was arrested for driving while intoxicated and given notification of the thirty day license suspension. Driver requested a hearing, but, before the hearing date, driver filed suit in circuit court seeking an injunction and a declaratory judgment. The driver sought to stay the suspension of his license for thirty days, on the grounds that § 302.525.2(1) RSMo Supp.1992 is in conflict with § 302.535 RSMo 1986. A stay was issued from which the Director of Revenue filed a writ of prohibition. In ordering its preliminary writ be made absolute, the court held that the circuit court had no jurisdiction to allow the driver to have restricted driving privileges until driver had completed the first thirty days of suspension as required by § 302.525.2(1). *Id.* at 563. The court reasoned:

> The legislature has clearly expressed its intention that all persons found in a final order to fail the blood alcohol test be suspended from driving for thirty days whether or not they pursue a trial de novo in the circuit court pursuant to § 302.535. As a

matter of law, the circuit court has no jurisdiction to order otherwise.

*Id.* at 564.

Based on the foregoing, we find that the circuit court exceeded its jurisdiction in entering the subject stay orders, regardless of whether the orders were issued incident to the applications for trial de novo or the petitions for declaratory relief.

### Declaratory Judgment

■ Relator also contends that respondent lacks subject matter jurisdiction to entertain the declaratory judgment action in that § 302.535 RSMo 1986 provides the specific and exclusive remedy for petitioners. We agree.

Courts have interpreted § 527.020 RSMo 1986 to mean that a declaratory judgment action is not available for the construction of a statute where there is a specific, and an adequate, statutory procedure for challenging the administrative ruling made under such statute or statutes. *State ex rel. Director of Revenue v. Kinder*, 861 S.W.2d 161, 163 (Mo.App.1993). In *Kinder*, a driver was arrested for driving under the influence. While awaiting the hearing date, the driver filed a petition for a restraining order and declaratory relief. The petition was amended thereafter to add a count for a trial de novo of the administrative suspension of driving privileges. The petition for declaratory judgment involved the construction of §§ 302.535.2 and 302.525.2(1). The Director of Revenue filed a petition for writ of prohibition claiming that the circuit court exceeded its jurisdiction in ordering the Director of Revenue to issue driver a restricted driving privilege. In making the writ permanent, the Western District held that the circuit court did not have jurisdiction over the declaratory judgment action because §§ 302.-500–.541 provide the specific and comprehensive procedure for the review of a driver's license suspension.

We are persuaded by the reasoning of the Western District[3] and find that the circuit

---

**3.** We acknowledge that *State ex rel. Director of Revenue v. McHenry, supra,* involved a petition for declaratory and injunctive relief. In that

case, however, the Missouri Supreme Court noted that the Director of Revenue had asserted several grounds for relief which the Court de-

court is without jurisdiction to hear the declaratory judgment action. The statutory provisions dealing with suspending and revoking driving privileges for driving under the influence are embodied in §§ 302.500–.541 RSMo 1986 & Supp.1992. If a driver receives an unfavorable ruling by the department at the hearing, § 302.535 provides the procedure for filing a petition for trial de novo in the circuit court. The trial de novo procedure is the specific and exclusive statutory remedy, which is adequate for purposes of challenging the department's decision as well as the validity of the underlying statutes. In fact, absent an application for trial de novo, petitioners' rights would not be affected by the statutes they are seeking to challenge in their petitions for declaratory relief.[4] A separate declaratory judgment action is therefore not an appropriate remedy and the circuit court lacks jurisdiction to entertain such. *See Nash v. Director of Revenue*, 856 S.W.2d 112, 113 (Mo.App.1993).

In summary, we find that the circuit court exceeded its jurisdiction in entering a stay of the license suspension and revocation. We also find that the circuit court has no jurisdiction to entertain declaratory judgment claims which can be adequately addressed in the context of the statutory judicial review procedure. Accordingly, our preliminary order in prohibition for Cause No. CV593–385CC and Cause No. CV593–472CC is now made permanent. We direct respondent to enter an order setting aside the stays entered on May 18, 1993 and June 16, 1993 and

to dismiss the claims for declaratory and injunctive relief.[5]

CARL R. GAERTNER, P.J., and SMITH, J., concur.

clined to reach in light of its disposition. Under such circumstances, we do not believe *McHenry* can be viewed as supporting respondent's position that a circuit court may properly entertain an action for declaratory and injunctive relief despite the specific, comprehensive and adequate procedures for review set forth in §§ 302.500–.541.

4. Contrary to petitioners' contentions in behalf of respondent in this case, the mere filing of an application for trial de novo does not render the findings and conclusions entered in the administrative proceeding "void ab initio." Should petitioners voluntarily dismiss their applications for trial de novo, the administrative findings and conclusions would remain in full force and effect and petitioners would have no basis for contest-

ing the constitutionality of the statutory procedures for judicial review. Thus, the pendency of an application for trial de novo is an essential prerequisite to the constitutional challenges asserted by petitioners and, in view of the fact that the statutory procedures provide an adequate forum in which to entertain such challenges, there is no reason to entertain a declaratory judgment action.

5. In view of our disposition, we express no opinion on the merits of petitioners' constitutional challenges to the statutory procedures. Should such issues be properly preserved by amendment of the applications for trial de novo, the merits of the constitutional challenges advanced herein can be addressed on appeal after entry of a final order on the merits by the trial court.