Damon L. SCHILDKNECHT, Plaintiff/Respondent,

v.

DIRECTOR OF REVENUE, STATE OF MISSOURI, Defendant/Appellant.

No. 67480.

Missouri Court of Appeals, Eastern District, Division One.

June 30, 1995.

---

Jeremiah W. (Jay) Nixon, Atty. Gen., James A. Chenault, III, Sp. Asst. Atty. Gen., Mo. Dept. of Revenue, for appellant.

Kevin M. O'Keefe, Paul E. Martin, Uthoff, Graeber, Bobinette & O'Keefe, St. Louis, for respondent.

REINHARD, Presiding Judge.

The Director of Revenue (Director) appeals from the trial court's judgment enjoining the Director's order suspending petitioner's driving privileges. We vacate and remand.

Pursuant to the suspension procedures set forth in §§ 302.500–302.540 (RSMo 1986 and Supp.1993), the Director gave notice to petitioner that his driving privilege was suspended as a result of his arrest for violating a municipal driving-while-intoxicated ordinance. Petitioner timely requested an administrative hearing to challenge the suspension. Following a hearing, petitioner's suspension was sustained. Petitioner subsequently filed a two-count petition in the circuit court on November 4, 1993. In Count I, petitioner sought a § 302.535.1 trial *de novo* of his suspension. In Count II, petitioner sought injunctive relief asserting the suspension of his driving privilege violated his due process right because the administrative hearing officer had erroneously admitted various documentary evidence over his objections. On November 16, 1994, the trial court entered an order permanently enjoining the Director from suspending petitioner's driving privilege in this matter and dismissing Count I as moot.

On appeal the Director contends the trial court lacked subject matter jurisdiction to enter an injunction because petitioner had an adequate and exclusive remedy at law under § 302.535. We agree.

A circuit court lacks jurisdiction to grant equitable relief where there is an adequate remedy at law. *State ex rel. Director of Revenue v. McHenry,* 861 S.W.2d 562, 564 (Mo. banc 1993); *Bradley v. McNeill,* 709 S.W.2d 153, 156 (Mo.App.1986). Section 302.535.1 provides: "Any person aggrieved by a decision of the department may file a petition for trial de novo by the circuit court." *De novo* review is a remedy at law that has been held to be adequate for purposes of challenging the decisions of the Director. *See State ex rel. Director of Revenue v. Pennoyer,* 872 S.W.2d 516, 518–19 (Mo. App.E.D.1994).

Petitioner complains that § 302.535.1 *de novo* review is constitutionally inadequate because, (1) it only provides for post-termination review, and (2) errors at the administrative hearing level cannot be corrected until after the driver begins to suffer the deprivation of the loss of driving privileges. These contentions are without merit. In *Dixon v. Love,* 431 U.S. 105, 115, 97 S.Ct. 1723, 1729, 52 L.Ed.2d 172 (1977), the Supreme Court of the United States held that a statutory scheme which permits an initial summary decision to suspend a driving privilege without hearing based on objective statutory criteria involving public safety does not violate due process provided a full, post-deprivation hearing is available to challenge the suspension. Where driving while intoxicated is involved, the "compelling interest in highway safety justifies ... making a summary suspension effective pending the outcome of the prompt postsuspension hearing...." *Mackey v. Montrym,* 443 U.S. 1, 19, 99 S.Ct. 2612, 2621, 61 L.Ed.2d 321 (1979). Indeed, Missouri's *de novo* review has been held to provide more process for the suspension of driving privilege than the Constitution requires. *Jenkins v. Director of Revenue,* 858 S.W.2d 257, 261 (Mo.App.W.D. 1993); *Jarvis v. Director of Revenue,* 804 S.W.2d 22, 25 (Mo. banc 1991).

We hold that petitioner had an adequate remedy at law, and, therefore, the trial court exceeded its jurisdiction in providing equitable relief. The order of November 16, 1994, enjoining the Director is vacated. Petitioner's Count I is reinstated, and we remand for resolution of that count.

We vacate and remand.

GARY M. GAERTNER and CRAHAN, JJ., concur.