**STATE ex rel. DIRECTOR OF REVENUE, State of Missouri, Relator,**

v.

**Honorable Patricia F. SCOTT, Respondent.**

**No. WD 51479.**

Missouri Court of Appeals,
Western District.

April 9, 1996.

Jeremiah W. (Jay) Nixon, Atty. Gen., James A Chenault, III, Sp. Asst. Atty. Gen., Mo. Dept. of Revenue, Jefferson City, for relator.

Louis A. Silks, Jr., Kansas City, for respondent.

Before HANNA, P.J., FENNER, C.J., and SPINDEN, J.

### ORIGINAL PROCEEDING
### IN PROHIBITION

HANNA, Presiding Judge.

After an administrative hearing, the Director of Revenue revoked Ms. Karen L. Hill's driving privileges for one year.[1] She filed a petition requesting a temporary injunction and a trial *de novo* pursuant to § 302.535, RSMo 1994, challenging the revocation, as well as the conduct of the administrative hearing and of the arresting officer. In response to the petition, on July 31, 1995, the respondent entered a temporary injunction restraining the Director from denying Ms. Hill driving privileges pending the trial *de novo*.

The Director of Revenue brings this action in prohibition to prevent the respondent judge from enforcing her temporary injunction. We issued our preliminary order and now make the order permanent. The issue is whether, pending a trial *de novo*, the respondent judge had subject matter jurisdiction to enjoin the Director's order revoking the petitioner's driving privileges for an alcohol-related traffic offense pursuant to §§ 302.500–.540, RSMo 1994.

On March 31, 1995, Hill was arrested for driving while intoxicated. A breath analysis test revealed that she had a blood alcohol content (BAC) of .13 percent. Because her BAC exceeded .10 percent, her driving privileges were subject to revocation under § 302.525.2(2).

---

1. Ms. Hill's driving record showed a "prior alcohol related enforcement contact" during the im- mediately preceding five years. § 302.525.2(2), RSMo 1994.

The respondent asserts that the temporary injunction was justified because Hill would be irreparably harmed in that she would face significant personal hardship if her license was revoked. This hardship argument was made in Hill's petition for a temporary injunction filed with the respondent and continued here.

It is not entirely clear from the briefs, but apparently the argument of personal and economic hardship finds its way here as a result of *Dixon v. Love*, 431 U.S. 105, 97 S.Ct. 1723, 52 L.Ed.2d 172 (1977). In *Dixon*, the court stated that the suspension of a driver's license implicated a protectible property interest. *Id.* at 112, 97 S.Ct. at 1727. In discussing the private interests to be protected, the court considered the personal and economic hardship of the loss of a driver's license. In *Love*, hardship relief was available under the Illinois scheme only after a driver had been suspended and had demonstrated his eligibility for reinstatement. *Id.* at 114 n. 10, 97 S.Ct. at 1728 n. 10. The Court's concern was the delay the Illinois statute had in providing a post-deprivation hearing. *Id* at 109–10, 97 S.Ct. at 1725–26. In *Mackey v. Montrym*, 443 U.S. 1, 99 S.Ct. 2612, 61 L.Ed.2d 321 (1979), the Court considered a Massachusetts statute, which provided less relief for hardship cases than the Illinois statute. The *Mackey* court noted that "[t]hough we adverted to the existence of (hardship) provisions in *Love*, they were in no sense the 'controlling' factor in our decision...." *Id.* At any rate, § 302.530.2 provides for *full* driving privileges to be retained pending the administrative hearing.

■ The trial *de novo* procedure is a purely statutory remedy. *State ex rel. King v. Kinder*, 690 S.W.2d 408, 409 (Mo. banc 1985). Following an adverse decision at the administrative level, a licensee's exclusive remedy is to petition for a trial *de novo* in the circuit court. *State ex rel. Director of Revenue v. Pennoyer*, 872 S.W.2d 516, 519 (Mo.App.1994). When a court of general jurisdiction engages in the exercise of a special statutory power, such as the trial *de novo* power, the court's authority is strictly confined to that provided in the statute. *King*, 690 S.W.2d at 409.

■ Section 302.535.2, RSMo 1994, states that "[t]he filing of a petition for trial *de novo* shall not result in a stay of the suspension or revocation order." Missouri courts have consistently interpreted this provision to explicitly prohibit a circuit court from staying the revocation of a licensee's driving privileges pending a trial *de novo*. *Pennoyer*, 872 S.W.2d at 518; *King*, 690 S.W.2d at 409.

In a factually similar case, our Supreme Court in *King*, 690 S.W.2d at 409, ruled that the trial court did not have jurisdiction to enter an order staying the Director's order revoking driving privileges. The Director revoked a driver's license because of an alcohol-related traffic offense. After an adverse decision in an administrative hearing, the driver filed his petition in the circuit court for a trial *de novo* and requested a stay order. The circuit court ordered a stay of the revocation pending trial. The Director sought a writ of prohibition against the respondent judge. The Court held that the circuit court's power to issue an order staying the Director's revocation was abrogated by the enactment of § 302.535.2. The Court stated, "The language could not be more explicit." *Id.*

■ Section 302.535.2 does not make exceptions for the reasons argued here by the respondent. There is nothing in the statute or the case law that would grant the court the authority to act contrary to a legislative directive or to make exceptions to the statutory prohibition against restraining orders.

Next, the respondent argues that Hill was denied due process because Hill was entitled to a meaningful pre-deprivation hearing and a prompt post-deprivation hearing. Respondent maintains that the pre-deprivation administrative hearing was not "meaningful" because she was subject to the loss of driving privileges and did, in fact, lose those privileges before receiving a *de novo* hearing in front of a circuit court judge. She claims that her post-deprivation hearing was not prompt because the Director routinely files

for a change of judge, hampering the driver's right to a prompt hearing.[2]

Neither of the arguments justifies the stay order entered by respondent. The statutory scheme designed in §§ 302.500–.540, RSMo 1994, provides an adequate means of redress. The Missouri statutes provide greater protection to the driver than is required by the dictates of *Love*, 431 U.S. 105, 97 S.Ct. 1723, and *Mackey*, 443 U.S. 1, 99 S.Ct. 2612. *See Schildknecht v. Director of Revenue*, 901 S.W.2d 348, 349 (Mo.App.1995).

In *Pennoyer*, the court stated that the circuit court exceeded its jurisdiction in entering the stay orders, "regardless of whether the orders were issued incident to the applications for trial *de novo* or the petitions for declaratory relief." *Pennoyer*, 872 S.W.2d at 518. *See also Bradley v. McNeill*, 709 S.W.2d 153 (Mo.App.1986). The *Bradley* court repeated the well-established principle that to invoke the equitable powers of a court, the driver must demonstrate affirmatively that he or she has no adequate legal remedy. *Id.* at 156. The court specifically held that § 302.535(1), the statutory scheme under which the driver's license was suspended, provided the legal remedy of a trial *de novo*. *Id.* Also, see *State ex rel. Director of Revenue v. Kinder*, 861 S.W.2d 161, 163–64 (Mo.App.1993), in which the court held that the circuit court could not entertain equitable relief in the form of a temporary restraining order since there was an adequate, specific, statutory procedure for challenging the administrative ruling.

The holding in *Dove v. Director of Revenue*, 704 S.W.2d 713 (Mo.App.1986), rejected both of the respondent's arguments. In *Dove*, this court held that the administrative hearing practice employed by the statute was not violative of the licensee's constitutional due process rights, observing that the law was well settled that due process demands are satisfied in those situations if judicial review of the administrative decision is provided. *Id.* at 715.

Although *Mackey*, 443 U.S. at 13, 99 S.Ct. at 2618–19, emphasized the promptness of a post-deprivation hearing, it did so in the context of a statutory scheme that did not provide a pre-deprivation hearing. In Missouri, the pre-deprivation administrative hearing provides the licensee with an opportunity for prompt review *prior* to revocation of driving privileges. § 302.505, RSMo 1994. Missouri's provision of a pre-deprivation administrative hearing satisfies the due process requirements for prompt review espoused in *Mackey*. *Schildknecht*, 901 S.W.2d at 349.

The Missouri Supreme Court in *Jarvis v. Director of Revenue*, 804 S.W.2d 22, 24 (Mo. banc 1991) reviewed a constitutional attack on § 302.535.1. The court held that:

> [A] statutory scheme which permits an initial summary decision to suspend a driving privilege without hearing based on objective statutory criteria involving public safety does not violate due process provided a full, post-deprivation hearing is available to challenge the suspension. *Dixon*, 431 U.S. at 115, 97 S.Ct. at 1729.

The court held that Missouri's *de novo* review provides more due process for the suspension of driving privileges than the Constitution requires. *Id.* at 25; *Schildknecht*, 901 S.W.2d at 349.

Next, the respondent explains that the restraining order was entered because the police officer who administered the test failed to follow the Department of Health directives. The breath analysis test results indicated that a second test was administered five minutes after the first one, because the first test showed "mouth alcohol", which invalidated it. Respondent argues that the Department of Health regulations required a 15 minute wait before a second test could be administered.[3]

Whether the officer who administered the breath analysis test followed correct procedures does not justify the issuance of a restraining order. Following an adverse decision by the hearing officer, the questions as to whether the testing procedures were

---

2. There is nothing in the record before us to support such a claim. Further, it remains unexplained how the change of judge motion has delayed this case to the extent that it violates the mandate of constitutional due process.

3. Whether the Department of Health regulation should be interpreted as respondent argues is not decided here.

adequate and whether there existed procedural deficiencies are deferred to the trial *de novo*. The only jurisdictional basis to order the Director to reinstate driving privileges must come *after* a decision that the statute is unconstitutional. *State ex rel. Director of Revenue v. Schaeperkoetter*, 872 S.W.2d 132, 133 (Mo.App.1994). In the absence of a judgment that § 302.535.2 is unconstitutional, the respondent was without authority to enter an order in conflict with the statute. *Id.* The court's authority to issue its order is emphatically restricted by § 302.535(2), and its language could not be more explicit. *King*, 690 S.W.2d at 409.

Next, the respondent claims that the licensee was not afforded due process in that she was put in "double jeopardy". The question of double jeopardy cannot be considered here since Hill did not raise a double jeopardy claim before respondent. *Fahy v. Dresser Indus., Inc.*, 740 S.W.2d 635, 639 (Mo. banc 1987) *cert. denied*, 485 U.S. 1022, 108 S.Ct. 1576, 99 L.Ed.2d 891 (1988) (*superseded by statute as stated in Wulfing v. Kansas City Southern Indus., Inc.*, 842 S.W.2d 133 (Mo. App.1992)).[4]

The respondent also contends that the administrative hearing officer's decision was not final because Hill filed for a trial *de novo* before the Director's order of revocation. Respondent suggests that the language of §§ 302.530.6–.530.7, RSMo 1994, should be construed to mean that when a licensee files a petition for trial *de novo*, the administrative hearing officer's decision is rendered "non-final" and, therefore, the revocation is a "nullity." However, this construction would defeat the express legislative directive of § 302.535.2, which states that "[t]he filing of a petition for trial *de novo* shall not result in a stay of the suspension or revocation order."

■ The law favors statutory construction that harmonizes with reason, gives effect to the legislature's intent, and tends to avoid absurd results. *David Ranken, Jr. Technical Inst. v. Boykins*, 816 S.W.2d 189, 192 (Mo. banc 1991). To accept respondent's argument that the department's revocation or suspension is rendered a nullity upon the filing of a petition for a trial *de novo* would defeat the legislature's intent and render the statutory prohibition against issuing stays meaningless.

■ Finally, respondent maintains that § 536.120, RSMo 1994, grants it the power to stay the revocation order. Section 536.120 allows reviewing courts to issue "all necessary and appropriate process to stay or require the agency to stay the enforcement of its order ... pending the final disposition of such proceedings for review." However, Rule 100.01 states:

> The provisions of sections 536.100 through 536.150, RSMo, shall govern procedure in circuit courts for judicial review of actions of administrative agencies unless the statute governing a particular agency contains different provisions for such review.

Section 302.535.1 prescribes the procedure for judicial review of the department's decision to revoke or suspend driving privileges for an alcohol-related offense. This provision provides, in pertinent part:

> Such trial shall be conducted pursuant to the Missouri rules of civil procedure *and not* as an appeal of an administrative decision pursuant to Chapter 535, RSMo. (Emphasis added).

This section clearly contains provisions for review different from §§ 536.100–.150. Thus, under Rule 100.01, § 536.120 does not apply here.

■ None of the reasons advanced by the respondent provide the jurisdiction to issue a temporary order staying the Director's order. Because the respondent lacked jurisdiction to issue the restraining order on the license revocation, prohibition is the appropriate remedy. *King*, 690 S.W.2d at 409.

The provisional rule in prohibition is made peremptory.

FENNER, C.J., and SPINDEN, JJ., concur.

---

4.  On remand, the parties will consider the recent decision of the Missouri Supreme Court in *State v. Mayo*, 915 S.W.2d 758 (Mo.banc 1996), in which the Court rejected the double jeopardy argument.