**STATE of Missouri, ex rel. DIRECTOR OF REVENUE, STATE OF MISSOURI, Relator,**

v.

**The Honorable Ronald R. McKENZIE, Judge of the Circuit Court of Marion County, Missouri, 10th Judicial Circuit, Respondent.**

No. 71679.

Missouri Court of Appeals, Eastern District, Writ Division Two.

Dec. 24, 1996.

Jeremiah W. (Jay) Nixon, Attorney General, James A. Chenault, III, Special Assistant, Attorney General, Mo. Dept. of Revenue, Jefferson City, for relator.

Charles E. Stine, Jr., Hannibal, for respondent.

Before GERALD M. SMITH, P.J., and PUDLOWSKI and CRANE, JJ.

PER CURIAM.

Relator has filed a petition for writ of prohibition against Respondent alleging that he was without jurisdiction to grant a stay of the revocation of driving privileges of Clifford A. Mahsman pending disposition of Mahsman's appeal of that revocation. Respondent was afforded an opportunity to file suggestions in opposition to the writ, but did not do so.

The facts and law are clear. In the interest of justice as permitted by Rule 84.24, we dispense with a preliminary order, answer, further briefing and oral argument and issue a peremptory writ of prohibition.

Mahsman was arrested for driving while intoxicated in Marion County on September 15, 1996. His breath analysis revealed a blood alcohol content of .253%. His driving record reflected prior alcohol-related enforcement contacts within the preceding five years. Relator revoked his driving privileges pursuant to § 302.525, RSMo 1994. This revocation was upheld after an administrative hearing. On November 21, 1996, Mahsman filed a petition to review revocation of driver's license in the circuit court of Marion County. On the same day he filed an application for stay order which was granted that day. Relator's application for writ followed.

§ 302.535, RSMo 1994 provides for a trial de novo in the circuit court of the administrative decision revoking a driver's license. Subparagraph 2 of that section provides: "The filing of a petition for trial de novo shall not result in a stay of the suspension or revocation order." In *State ex rel. King v. Kinder,* 690 S.W.2d 408 (Mo. banc 1985) the court interpreted the quoted language as denying the circuit court jurisdiction to issue a stay order in a revocation case. That is still the law of this state. Respondent was without jurisdiction to issue the stay order.

Peremptory writ is ordered issued. Respondent is directed to vacate stay order previously issued in *Mahsman v. Director of Revenue,* Case No. CV396–543CC, in the Circuit Court of Marion County.