Honorable Danny Staples State Senator, District 20 State Capitol Building Jefferson City, MO 65101
Dear Senator Staples:
You have submitted the following question:
 Is the state obligated, pursuant to subsection 9 of section 168.515, RSMo, to continue to pay the same percentage of a teacher's Career Ladder salary year if a teacher was employed by a participating district and participated in the program in 1995-96 school year, remains qualified to receive career pay pursuant to 168.510, RSMo, continues to be employed by another participating district and continues to participate in the program each school year?
You state in your request that:
 A dispute has arisen between the Department of Elementary and Secondary Education and certain local school officials as to whether the 1995-96 state payment share shall continue when a participating teacher moves from one participating district to another. The Department interprets section 168.515.9 to apply until such time as a teacher leaves the employment of the district employing the teacher in 1995-96 or suspends participation in the program in that district, while school officials in the Winona R-III School District and Summersville R-II School District believe that the 1995-96 state payment share shall continue until such time as the teacher ceases or suspends participation in the "Missouri Career Development and Teacher Excellence Plan", defined in 168.500.1 and further referred to as the "career plan or program" even if the teacher transfers to another participating school district.
The answer to your request will turn on an interpretation of the "Career Ladder" statute and whether that statute is intended to benefit teachers individually or to reward school districts for retaining qualified teachers. If the statute is interpreted to apply to teachers who are otherwise qualified but change districts in which they are employed, that interpretation would benefit the teacher. If a teacher is only eligible for continuation of participation in the program if the teacher remains in the school district, then the school district is rewarded for keeping qualified teachers.
The "Career Ladder" Program results in additional compensation through a salary supplement, part of which is provided by the state under Section168.515, RSMo 2000. The percentage of reimbursement varies depending upon the enrollment of the school district, with the largest 25 percent of school districts receiving 40 percent reimbursement, the next 25 percent receiving 50 percent reimbursement, and the smallest 50 percent receiving 60 percent reimbursement. Your question also asks whether once a teacher participates in the program with a reimbursement by the state of 40, 50, or 60 percent, can the percentage change if the teacher becomes qualified in another district in which the reimbursement criterion is different.
In interpreting statutes, courts have provided guidance in a number of areas. The primary purpose of statutory construction is to discern the legislature's intent in passing the subject law. United States v. N.E.Rosenblum Truck Lines, 62 S.Ct. 445, 315 U.S. 50, 86 L.Ed.2d 671 (1942). A complete review of the career ladder law reveals that the purpose of the program is to encourage individuals who have gained experience as teachers to remain in the profession. It is unfortunate that many experienced, highly qualified teachers have left the profession because of low pay. Although we recognize that there may be other reasons for experienced individuals to discontinue teaching, it cannot be disputed that low pay is a primary cause of many abandoning the profession.
In interpreting statutes, words are given their plain and ordinary meaning. Budding v. SSM Healthcare System, 19 S.W.3d 678 (Mo.banc 2000). Moreover, the courts have stated that interpretations must avoid absurd results. State ex rel. Director of Revenue v. Scott, 919 S.W.2d 296
(Mo.App. 1996).
The Career Plan Development Program is established at Sections 168.500
to 168.515, RSMo 2000. In the provisions, reference is made to "public school teachers" and to "participating school districts." The Department of Elementary and Secondary Education has the responsibility to develop model career plans and to make them available to local school districts. The model career plans are to consist of three steps or stages of career advancement, contain a procedure how teachers can be admitted to the program, and have specific criteria that describe minimum professional responsibilities for each stage that includes classroom performance evaluations. See Section 168.500.2(1)-(3), RSMo 2000.
Section 168.500.4, RSMo 2000, provides:
 A participating local school district may have the option of implementing a career plan developed by the department of elementary and secondary education or a local plan which has been developed with advice from teachers employed by the district and which has met with the approval of the department of elementary and secondary education. In approving local career plans, the department of elementary and secondary education may consider provisions in the plan of the local district for recognition of teacher mobility from one district to another within this state.
Teachers are eligible to participate in the program after five years of public school teaching. Section 168.500.2(5). The participating teacher will continue to receive base pay in addition to the career pay. Section168.505.1. Section 168.510 provides that a teacher who is employed by a district who qualifies for and is selected to participate in a career plan shall not be denied the additional compensation unless the teacher is dismissed for cause, fails to maintain a teaching certificate, fails to maintain the required performance level as provided in the career plan, or fails to complete the professional responsibilities required at each stage of the approved career plan.
Section 168.515.1 authorizes the amount of compensation to the teachers at each stage of the Career Ladder Program. Section 168.515.2-4 authorizes payments by the state to local school districts for reimbursing the district for salary supplements authorized by the program, as well as establishing the percentage of reimbursement based upon size of the school districts.
Section 168.515.9 provides:
 Beginning in the 1996-97 school year, for any teacher who participated in the career program in the 1995-96 school year, continues to participate in the program thereafter, and remains qualified to receive career pay pursuant to section 168.510, the state's share of the teacher's salary supplement shall continue to be the percentage paid by the state in the 1995-96 school year, notwithstanding any provisions of subsection 4 of this section to the contrary, and the state shall continue to pay such percentage of the teacher's salary supplement until any of the following occurs:
 (1) The teacher ceases his or her participation in the program; or
 (2) The teacher suspends his or her participation in the program for any school year after the 1995-96 school year. If the teacher later resumes participation in the program, the state funding shall be subject to the provisions of subsection 4 of this section.
An interpretation that the Career Ladder Program is available to school districts that retain their teachers would tend to accomplish the purpose of the statute to keep experienced teachers in the profession. However, the interpretation that the program is available to teachers who change school districts would make the program available to more teachers. There may be personal reasons why a teacher with applicable experience desires to change districts. There are no provisions in the career ladder statute that indicates the legislature was attempting to limit career possibilities of experienced teachers or to only reward those teachers who remain in one school district.
Applying the principles of statutory construction previously discussed results in the inevitable conclusion that a teacher who qualifies for participation in the Career Ladder Program in one district may continue in the program if the teacher discontinues employment in the initial district and becomes employed in a different yet participating district. The program is designed to reward individuals who continue teaching and fulfill the requirements of the program. Teacher mobility is recognized in Section 168.500.4 quoted above. The school districts receive state funding as set forth in Section 168.515.1-.4.
Any doubt regarding the answer to your question is resolved by the provisions in Sections 168.510 and 168.515.9. The provisions are explicit that participation in the program can only be denied under the circumstances set forth in those sections. Section 168.510 states:
 After a teacher who is duly employed by a district qualifies and is selected for participation under a career plan established under sections 168.500 to 168.515, such teacher shall not be denied the career pay authorized by such plan unless he:
 (1) Is dismissed for cause as established under section 168.114; or
 (2) Fails to maintain or renew any certificate required by the department of elementary and secondary education; or
 (3) Fails to maintain the performance level as required for the attainment of the career stage as set forth in the plan effective in the local district as provided in section 168.500; or
 (4) Fails to complete professional responsibilities required for the attainment of each stage; and
 (5) Has exhausted all due process procedures provided by subdivision (6) of subsection 2 of section 168.500.
The provisions of Section 168.515.9 establish that teachers who qualify for participation in the program are entitled to receive the career plan pay unless the teacher ceases participation in the program. The only reasons for discontinuation in the program after a teacher qualifies are set forth above. Those provisions do not include as a ground for disqualification a change in the employing school district. Accordingly, program participation continues if a teacher who is otherwise qualified moves from one district to another.
The percentage of the program borne by the state is dependent upon the size of the school district employing the teacher. See Section 168.515. Because the reimbursement by the state is controlled by the size of the school district in comparison to other school districts, if a teacher changes school districts and the new district falls within a different percentage set forth in Section 168.515, the amount of reimbursement from the state will change to that new percentage.
 CONCLUSION
Under the Career Ladder Program, a participating teacher remains qualified to receive career pay if the teacher changes employment from one qualifying district to a different qualifying district. The reimbursement obligation of the state is dependent upon the size of the school district employing the participating teacher.
Very truly yours,
 JEREMIAH W. (JAY) NIXON Attorney General