**STATE ex rel. CITY OF JACKSON, a Municipal Corporation, Relator,**

v.

**Honorable Stanley A. GRIMM, Judge of the Common Pleas Court of Cape Girardeau, Missouri, Respondent.**

No. 38044.

Missouri Court of Appeals,
St. Louis District,
Division Two.

June 28, 1977.

Motion for Rehearing and/or Transfer Denied Sept. 12, 1977.

Waldron & Lichtenegger, Kenneth L. Waldron, John P. Lichtenegger, Jackson, for relator.

Thomas M. Utterback, City Atty., Cape Girardeau, for respondent.

RENDLEN, Judge.

By mandamus, relator City of Jackson would require respondent, Judge of the Circuit Court of Cape Girardeau County, to permit relator's intervention in a declaratory judgment suit filed by the City of Cape Girardeau under the Sawyer Act[1] against Jesse C. Rutherford, et al., inhabitants of a tract of land the City of Cape Girardeau seeks to annex. In response to our alternative writ, respondent filed return contesting relator's right to intervene and urging that our alternative writ be quashed.

The City of Jackson contends it may intervene in Cape Girardeau's annexation action as a matter of right under Rule 52.-12(a)(2) VAMR,[2] for the reason it had previously begun its own annexation proceedings to a portion of the land now included in Cape Girardeau's suit, and that its proceedings antedate Cape Girardeau's by more than sixteen months. Relator contends that under the doctrine of "prior jurisdic-

---

1. Section 71.015, RSMo 1969, under which Cape Girardeau proceeds is popularly known as the Sawyer Act and will be referred to as such in this opinion.

2. VAMR 52.12(a) is in pertinent part as follows: "(a) Intervention of Right. Upon timely application anyone shall be permitted to intervene in an action: . . . (2) when the appli-

cant claims an interest relating to the property or transaction which is the subject of the action and he *is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest* unless the applicant's interest is adequately represented by existing parties." (Emphasis ours.)

tion," it is entitled to annex the land regardless of which city first completes its annexation procedure and, asserting that priority, relator seeks to intervene. For reasons hereinafter discussed, we find relator is not entitled to "intervention of right" under Rule 52.12(a) VAMR and no abuse of discretion appears in respondent's denial of relator's request for "permissive intervention" under section (b) of the rule.[3] Our alternative writ improvidently issued, must be quashed.

The pertinent facts are these: On July 16, 1973, the City of Jackson by its City Council adopted an enabling resolution declaring reasonable and necessary the annexation of four separately numbered parcels of land. Pursuant thereto, the City filed a declaratory judgment action under the Sawyer Act for annexation of the four parcels and in that suit a contest developed as to approximately 1,390 acres of the land referred to herein as "area four." On February 18, 1974, the City of Jackson adopted an additional resolution reaffirming its intent to annex all four areas but authorizing the City Attorney to proceed separately with declaratory judgment suits, apparently to facilitate annexation of those areas where the annexation effort was not contested by the inhabitants. The only reason appearing in the resolution for filing separate annexation proceedings and deleting the contested portion of area four was ". . . the Board of Aldermen feel it would be in the best interest of the City . . . ." On February 26 of the year the City filed a first amended petition seeking approval of the annexation of areas one, two, three, but only that portion of "area four" not contested and judgment for the City was entered March 5, 1974, on the amended petition. On December 3, 1975, the City of Cape Girardeau adopted enabling resolutions designed to annex certain lands including a portion of "area four" which the City of Jackson had not annexed but instead had deleted from its action. The following day, Cape Girardeau sued for declaratory judgment under the Sawyer Act seeking to annex a part of "area four". It is in this suit relator seeks to intervene. Between March 5, 1974 (the date of Jackson's favorable declaratory judgment) and January 5, 1976, the date it moved to intervene, relator had taken no action of record to annex the disputed area.

At the hearing on relator's motion to intervene in January, 1976, Cape Girardeau argued, that because of the almost two year lapse mentioned above, relator should be deemed to have abandoned its annexation attempt to the questioned portion of "area four". Each city was afforded the opportunity to present evidence supporting its respective position on the issues raised by the motion to intervene and both made cursory offerings including exhibits, supporting affidavits, the testimony of one witness and the case file in Jackson's original annexation proceeding. Respondent then ruled relator had "abandoned" its efforts to annex and accordingly denied intervention, which led to this original proceeding in mandamus.

The Sawyer Act provides for a declaratory judgment suit whenever cities of the class apparently here involved seek to annex an unincorporated area of land. Such suits are class actions against the inhabitants of the unincorporated areas, and the issues to be decided are: (1) the area to be annexed; (2) that such annexation is reasonable and necessary to the proper development of said city; and (3) the ability of said city to furnish the normal municipal services of said city to the unincorporated area within a reasonable time after the annexation is to become effective. These are the only necessary issues distinguishing such actions from other declaratory judgment suits.

The doctrine of "prior jurisdiction", the basis of relator's claimed interest in the land, is firmly established in the law of Missouri. "This doctrine has resulted from

---

**3.** Pertinent portions of Rule 52.12(b) are as follows: "Permissive Intervention. Upon timely application anyone may be permitted to intervene in an action. . . . (2) when an applicant's claim or defense and the main action have a question of law or fact in common."

the sound recognition that there cannot be two municipal corporations with coextensive powers of government extending over the same area. The resulting and settled rule is that where two public bodies such as a municipal corporation or school district each claim jurisdiction over the same territory by virtue of *completed* consolidation proceedings or by *completed* annexation proceedings, the one which takes the first valid step to establish the consolidation or annexation has the superior claim regardless of which one completes its proceedings first." *Mayor, Councilmen, and Citizens of the City of Liberty v. Dealers Transport Company, and the City of Kansas City, Missouri,* 343 S.W.2d 40, 42 (Mo.banc 1961), sometimes hereinafter referred to for convenience as *"Liberty"*; see also *City of Sugar Creek v. City of Independence,* 466 S.W.2d 100, 103[3] (Mo.App.1971). For the purpose here it may be assumed the first valid step for annexation by Jackson was its enabling resolution of July 16, 1973.[4]

 It is, however, clear that in a proceeding under the Sawyer Act plaintiff needs only to bring those issues before the court required by the statute. A judgment that the petitioning city's annexation is "reasonable and necessary" and that such city is capable of providing normal municipal services within a reasonable time does not foreclose another municipality's proceedings to annex the same territory. *State ex rel. Industrial Properties, Incorporated v. Weinstein,* 306 S.W.2d 634, 637[6] (Mo.App.1957). Thus a determination as to reasonableness and necessity for Cape Girardeau to annex the disputed territory would not foreclose relator's right to institute similar proceedings on its own behalf. Thus, as a practical matter a determination in this suit will not impair or impede relator's ability to pursue the annexation of this territory, and accordingly we cannot say

relator may intervene as a matter of right. The City of Cape Girardeau might have named relator as a party defendant and asked for an additional declaratory determination that relator had abandoned its annexation proceeding; *See Mayor, Councilmen, and Citizens of the City of Liberty v. Dealers Transport Co., supra.* That however was not done and relator may not *as a matter of right,* force that issue into this case under Rule 52.12(a)(2). It should be emphasized that the Sawyer Act, requiring a declaratory judgment action be brought as a step in the annexation process, provides in Section 3, "Such action shall be a class action against the inhabitants of such unincorporated area under the provisions of section 507.070, RSMo 1969." Thus proper, representative inhabitants of area four were *necessary* parties but not so, the City of Jackson. We hold there was no "right" in relator *requiring* intervention.

 Section (b) of Rule 52.12 VAMR provides, *inter alia,* that on timely application, one *may be permitted* to intervene in an action "(2) when an applicant's claim or defense and the main action have a question of law or fact in common." Such permissive intervention is subject to the trial court's sound discretion. Here intervention was denied because the trial court found the applicant (relator here) had abandoned its annexation proceeding as to the disputed land area. Relator contends this finding of the trial court was error because its efforts were of a continuing nature which date and continue from its first valid step, to wit, its enabling resolution of July, 1973, citing as authority *Mayor, Councilmen, and Citizens of the City of Liberty v. Dealers Transport Co., supra.* In that case the city of Liberty brought its action for declaratory judgment under the Sawyer Act naming as defendants, owners of the property proposed to be annexed, and also the City of Kansas City.

---

4. We are not told the statutory class of the city, Jackson. The record reflects it is apparently subject to the Sawyer Act and no challenge to this fact is made by respondent or the City of Cape Girardeau. Thus we may assume the first valid step for annexation by the City of Jackson was "The introduction and first reading of its ordinance of annexation." *City of Sugar Creek v. City of Independence, supra,* 466 S.W.2d at 103. No point is raised nor do we rule the issue of which resolution or ordinance, that of February 14, 1974 or that of July 16, 1973, was the *first* valid step.

The latter was made a defendant because it had previously commenced proceedings to annex territory including that proposed to be taken by the plaintiff City of Liberty. On appeal it was held that the trial court, where both prospective annexing claimants were party to the action, should determine the question of "priority" of claims though neither city had at that point completed annexation. This however does not mandate intervention as a matter of right. The fact that the City of Liberty broadened the scope of its action and joined a party that was not a member of the required statutory class does not mandate that all plaintiffs in such declaratory judgment proceedings do the same. The court in *"Liberty"* in effect held that once brought in by plaintiff as a party, the rights of defendant Kansas City need not await completion of the annexation proceeding to determine the "priority" question between them.

Other important factual distinctions appear, relative to the abandonment issue decided favorable to Kansas City in the *Liberty* case but adversely by the trial court to relator here. In *"Liberty"* the City of Kansas City had, prior to the first action by the City of Liberty, embarked on a "model plan for proposed annexation and territory", conducted studies and most important set a four year schedule from January, 1957 through January, 1961, to be executed in annual stages, which included the land described in Liberty's petition. Also, before the final decision by the Supreme Court, Kansas City had "completed the annexation of the territory in question," and the court noted "in fact, the annexation was completed within the time as originally proposed. That fact refutes the contention that there was an abandonment", *Mayor, Councilmen, and Citizens of the City of Liberty v. Dealers Transport Co., supra,* 343 S.W.2d at 43. In the case at bar annexation efforts of the City of Jackson fell far short of those of Kansas City described in the court's opinion in *City of Liberty, supra.* The evidence presented to the trial court concerning the disputed territory showed only the original enabling resolution of July, 1973, which declared the annexation was reasonable and

necessary to proper development of the city and directed the city attorney to "file as soon as possible a petition for declaratory judgment." This was followed by the February, 1974, resolution containing a similar statement of intention but modifying the original resolution to the extent that the city attorney was authorized to file amended petition or petitions for declaratory judgment in the then pending circuit court action deleting therefrom the disputed territory [area four] but authorizing separate proceedings as to any of the areas involved. The affidavit of the Mayor of the City of Jackson received in evidence states that "at no time did the Mayor and Board of Aldermen rescind or modify the resolution authorizing the annexation of certain areas now proposed to be annexed by the City of Cape Girardeau." The affidavit alluded to certain pending litigation in which the City of Jackson was a party and the City of Cape Girardeau, but provided no further information as to the nature of those suits or how they were material here, claiming only that since that litigation had been completed Jackson "now desires to complete annexation proceedings pursuant to the resolution." The motion to intervene alleged that the City of Jackson temporarily delayed annexation in an effort to peacefully compromise and settle a county jail location dispute existing between the cities. However it was admitted that area four had been deleted from Jackson's annexation proceedings and we find no further action of record had been taken concerning that land. Nothing further was offered in the testimony on the motion to intervene and from that record we cannot say the trial court abused its discretion in its finding of abandonment and denial of intervention.

 "Mandamus will not lie to control the discretion of a court or judicial officer or to compel its exercise in a particular manner, except in those rare instances when under the facts it can be legally exercised in but one way." *State v. Ross,* 420 S.W.2d 365, 368 (Mo.App.1967). One seeking mandamus must prove he has a clear and specific right to the remedy, for man-

damus will not issue in doubtful cases. *State ex rel. Christian v. Lawry,* 405 S.W.2d 729, 731[7] (Mo.App.1966). As discussed above, relator failed to demonstrate a "right" of intervention and we find no abuse of discretion in the trial court's denial of "permissive intervention". Accordingly relator falls short of proving it has a clear and specific right to the remedy sought here. Our alternative writ of mandamus is quashed.

McMILLIAN, P. J., and STEWART, J., concur.