**In re Annexation Petition of OSAGE BEACH, Missouri.**

**STATE of Missouri ex rel. CITY OF LAKE OZARK, Missouri, Appellant-Relator,**

v.

**CITY OF OSAGE BEACH, Missouri, Appellee-Respondent.**

**Nos. KCD 30050, KCD 30148.**

Missouri Court of Appeals,
Kansas City District.

June 12, 1978.

Rehearing Denied July 3, 1978.

Kibbe, Crews & Gaw, Terrence F. Pyle, Tipton, for appellant-relator.

Phillips, McElyea, Walker & Carpenter Corp., Charles E. McElyea, Camdenton, for appellee-respondent.

Before WASSERSTROM, P. J., SWOFFORD, C. J., and SHANGLER, DIXON, PRITCHARD, SOMERVILLE and TURNAGE, JJ.

TURNAGE, Judge.

The City of Lake Ozark appeals from an order overruling its motion to intervene and to set aside a default judgment approving the annexation by the City of Osage Beach of certain land. The default gave Osage Beach court approval to proceed with an-

---

nexation under Sec. 71.015, RSMo 1969, known generally as the Sawyer Act.

Lake Ozark filed its notice of appeal with this court from the above order, then sought a writ of prohibition from this court to prohibit Osage Beach from holding an election to carry out the annexation authorized. This court issued its preliminary rule of prohibition. The appeal by Lake Ozark from the order overruling its motions to set aside the judgment and to intervene has been consolidated with its proceeding in prohibition.

In this appeal Lake Ozark contends it was interested in the same area sought to be annexed by Osage Beach and was, therefore, a proper party in the proceeding brought by Osage Beach to authorize the annexation. The orders overruling the motions to set aside and intervene are affirmed and the preliminary rule in prohibition is discharged.

On April 10, 1975, the city council of Osage Beach passed a resolution to annex certain land. On September 18, 1975, the city council of Lake Ozark adopted a resolution to annex the same land covered by the Osage Beach resolution, together with additional land.

On October 6, 1975, the City of Osage Beach filed a petition in the Circuit Court of Miller County under the provisions of the Sawyer Act to obtain court approval for its annexation. On December 16, 1976, a default judgment was entered authorizing Osage Beach to proceed with its annexation.

On December 27, 1976, Lake Ozark filed its motion to set aside the default judgment and to intervene in the proceedings. On January 9, 1978, the court entered its order overruling the motions filed by Lake Ozark. Thereafter, Osage Beach scheduled an election to submit to the voters of Osage Beach such annexation for their approval.

Before the election could be held on April 4, Lake Ozark filed in this court its petition for prohibition to prohibit Osage Beach from holding such election. This court entered its preliminary rule in prohibition.

In its original brief Lake Ozark argues it was an interested party in the suit brought by Osage Beach under the Sawyer Act to obtain authorization for the annexation of the same land included within the resolution passed by Lake Ozark. In its reply brief Lake Ozark admits that under *State ex rel. City of Jackson v. Grimm*, 555 S.W.2d 643 (Mo.App.1977), it had no right to intervene in Osage Beach's Sawyer action. However, Lake Ozark continues to make some argument that since both Lake Ozark and Osage Beach have passed resolutions covering the same territory, and since both cities are presently before this court, the question of priority as between them and the question of whether or not Osage Beach abandoned its annexation should now be determined.

It was stated in *City of Jackson, supra,* that a determination of the reasonableness of an annexation on the part of one city does not prevent another city from pursuing its annexation proceeding to obtain a similar ruling with respect to the same territory. While the court there held other cities which have passed resolutions for the annexation of the same territory as a city which has embarked on its Sawyer action are not necessary parties, still such other cities may be joined for the purpose of expanding the Sawyer action to include the question of priority between the cities.

In the present situation, Lake Ozark was free to file its own Sawyer action at any time after it passed its resolution to annex. It could expand that action to request adjudication of the question of abandonment on the part of Osage Beach for any alleged failure to timely carry out its annexation. The fact Lake Ozark failed to pursue a remedy available to it for almost fifteen months does not require the court to grant permissive intervention.

Lake Ozark makes some argument that under Sec. 527.110, RSMo 1969, and Rule 87.04, it should now be allowed to move to set aside Osage Beach's default judgment and to intervene because of some possibility its rights were prejudiced by the judgment obtained by Osage Beach. However, both

the statute and rule specifically provide the declaratory judgment shall not prejudice the rights of those not parties. Lake Ozark further points out both the statute and rule require a municipality to be made a party when the validity of its ordinance is questioned. In the proceeding under the Sawyer Act brought by Osage Beach no question concerning the validity of any ordinance passed by Lake Ozark was raised and the judgment does not adjudicate that question. Thus, Lake Ozark was not a necessary party under either Sec. 527.110 or Rule 87.04.

It is clear under *City of Jackson, supra,* Lake Ozark was not a necessary party to the suit brought by Osage Beach under the Sawyer Act and, therefore, Lake Ozark was not entitled to intervene as a matter of right. Thus, any question concerning intervention of Lake Ozark would be addressed to the discretion of the court as a matter of permissive intervention. Because Lake Ozark has been free since the passage of its resolution for annexation to file a suit in which the question of priority between it and Osage Beach could be determined, as well as the question of any abandonment on the part of Osage Beach, and absent any showing of an abuse of discretion, the court did not err in refusing permissible intervention to Lake Ozark. Nor did the court err in failing to set aside Osage Beach's judgment.

The conclusion reached that the court did not err in refusing the motions filed by Lake Ozark carries with it the result that Osage Beach should no longer be prohibited from holding the election authorized by the judgment obtained under the Sawyer Act. For that reason the preliminary rule in prohibition is quashed.

All concur.