**Wayne KRAFT and County Auto Parts Store, Inc., Plaintiffs/Respondents,**

v.

**C.W. EDWARDS, Defendant/Appellant.**

No. 70834.

Missouri Court of Appeals,
Eastern District,
Division Five.

June 10, 1997.

Jack L. Duncan, Park Hills, for Defendant/Appellant.

Wayne Kraft, Potosa, for Plaintiffs/Respondents.

CHARLES B. BLACKMAR, Senior Judge.

The individual plaintiff filed a suit to recover commissions under a contractual arrangement with the defendant. His petition alleged that the commissions were due under Sections 407.911–407.913, RSMo.1994, governing "sales representatives." While the plaintiff's evidence was being presented defendant pointed out that all previous payments under the arrangement had been made to County Auto Parts Store, Inc., a corporation controlled by the individual plaintiff, and moved to dismiss the action. The plaintiff sought leave to amend his petition to conform to the evidence by adding the corporate plaintiff as a party. The defendant objected but the court allowed the addition. The court at the close of the evidence found for the "Plaintiff" in the amount of $3423.66 plus $500 attorney's fee. The defendant appeals. The plaintiff respondents have filed no brief in this court, but the defendant must nevertheless demonstrate error in order to secure reversal. We affirm with a modification.

The defendant argues that Rule 55.33(b), which has superseded Section 509.500, RSMo.1994 as authority for amendment to conform to the evidence, does not authorize amendments to add parties plaintiff. In addition to Rule 55.33(b), however,

Rule 52.04(a) gives authority to add necessary parties and Rule 52.06 provides that "[p]arties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just." These rules provide ample support for the trial court's action, and oblige the appealing defendant to demonstrate abuse of discretion.

■ The defendant argues that he was prejudiced by the addition of the corporate plaintiff, but argued only that he needed time to research the problems presented by the presence of the new plaintiff. The evidence shows, however, that the defendant had regularly paid commissions to the corporate plaintiff on transactions of the same nature as those now sued on, and had even issued, through an authorized agent, a check for the amount sued for, on which payment was stopped. The defendant, therefore, knew that the other party to the commission transactions was a corporation, and could not have been surprised by the revelation at trial. These circumstances militate against a finding of prejudice. The defendant also filed an answer and did not question the plaintiff's capacity to sue through motion or answer as required by Rule 55.13. We conclude that the corporation was properly added as a party.

The defendant complains that he did not have adequate time to investigate possible defenses against the corporation, once the addition was made. The defendant could, however, have investigated following the hearing and could have raised anything he discovered in a motion for new trial. The only thing the defendant suggests is that he might have been able to research the implications of Sections 407.911–407.913, RSMo. 1994, so as to discover the case of *J.S. DeWeese Company v. Hughes–Treitler Mfg. Corp.*, 881 S.W.2d 638, 642–43 (Mo.App.1994) (holding that the benefits of those statutes are available only to natural persons). This is a legal point which he properly raises on appeal, and which we have fully considered. The trial court's action did not inhibit him in making this point.

■ The case indeed holds as the defendant contends. It is a recent decision of this court and we are bound by it. The case does not hold, however, that the statutes represent the exclusive means for recovery of commissions. They do not make an otherwise valid contract unenforceable. The record shows the elements of a valid contract, confirmed by past performance, and the defendant does not allege that the evidence is insufficient to demonstrate a contract.

■ The statutes, however, provide the only authority for an award of attorneys' fees, making an exception to the "American Rule" that fees are not generally recoverable. Inasmuch as only a natural person may claim under the statutes, the award of attorneys' fees cannot stand under *DeWeese*.

The judgment was entered in favor of the "Plaintiff" without distinguishing between the individual plaintiff who filed the suit and the corporate plaintiff that was added. It is clear, however, that the reason for the addition was that the evidence showed that the defendant dealt with the corporate plaintiff and that it rather than the individual plaintiff was the proper party. This apparent irregularity can be corrected by modification of the judgment.

The judgment therefore is modified to provide that it is entered in favor of plaintiff County Auto Parts Store, Inc., that the case is dismissed as to plaintiff Wayne Kraft, and that the award of attorneys' fees in the amount of $500 is eliminated. As thus modified, the judgment is affirmed.

AHRENS, C.J., and CRANDALL, J., concur.