James E. NEWMAN and, Boring's
Country Estates, Inc.,
Appellants,

v.

CITY OF WARSAW, Missouri,
and Lou Ann Breshears,
and Ken Brown,

and

Corbin Cain, and Krysti Woods,
and Dick Fry, and Sandra
Ward, Respondents,

Jay Nixon, Attorney General,
Defendant.

No. WD 62149.

Missouri Court of Appeals,
Western District.

March 30, 2004.

but affirm the trial court's dismissal of the individual members of the Board of Aldermen from the case. The matter is, therefore, reversed and remanded in part and affirmed in part.

### Factual and Procedural Background

James Newman is a resident of the City of Warsaw, Missouri, challenging the City's proposed annexation of certain property in Benton County, Missouri. The property in question is located north of the City and in the southwestern quadrant of the intersection of Highway 65 and Truman Dam Access Road. One portion of that property (the "Gerken and Scott property") had apparently been considered for development by a national retail chain, but had been rejected because the property did not have full access to the highway and was not served by sewer, water, or other utilities. The Tax Increment Financing Commission of Warsaw, Missouri, proposed a TIF plan to assist with development of the property and prepared a study which stated that the Gerken and Scott property was blighted. The TIF plan could not proceed, however, as the property was not within the Warsaw city limits.

Subsequently, an involuntary annexation process was initiated to annex the Gerken and Scott property, as well as additional land that lay between the Gerken and Scott Property and the city limits.[1] Included in that other land was property owned by appellant Boring's County Estates ("BCE"). A public hearing was held with regard to the annexation, in which BCE and Newman both offered evidence in opposition to the annexation. Despite their objections, the City adopted an ordi-

Sherwin Epstein, Kansas City, for appellant.

Robert S. Drake, Jr., Warsaw, Kelly Charles Tobin, Randy Paul Scheer, John Gerard Schults, Kansas City, and Steven Andrew Fritz, Sedalia, for respondent.

RONALD R. HOLLIGER, Judge.

James Newman appeals the dismissal of his declaratory judgment action filed against the City of Warsaw and individual members of the City's Board of Aldermen opposing the proposed annexation of certain unincorporated land adjoining the City. We find that the trial court erred by dismissing Newman's suit against the City

---

1. The inclusion of this additional land in the annexation was allegedly necessary to satisfy the contiguity and compactness requirements of Section 71.015.1(1), RSMo 2000.

nance approving the involuntary annexation.

Newman and BCE brought the present declaratory judgment action against the City and individual members of the Board of Aldermen, seeking to block the annexation process on two grounds. First, they argued that the adoption of the annexation ordinance was arbitrary, unreasonable, and void because certain portions of the area to be annexed were found to be blighted. Second, they argued that the annexation ordinance was improper because it relied upon a plan of intent that incorporated funds from a TIF plan that had not been approved.

The City and the individual defendants sought the dismissal of the declaratory judgment action, advancing the argument that the declaratory judgment action brought by BCE and Newman was barred on two grounds. First, the defendants argued that the issues raised by the declaratory judgment action were not ripe for judicial review. Second, they argued that declaratory relief was not available because BCE and Newman had other means of legal relief available to them, specifically intervention in the statutory declaratory judgment action the City was required to file pursuant to Section 71.015.1(5), RSMo 2000.[2] The trial court granted the defendants' motion to dismiss, leading to the present appeal.

While this appeal was pending, the property owned by BCE was sold to a third party. BCE subsequently dismissed its appeal, leaving Newman as the sole remaining appellant in this matter.

## DISCUSSION

■ When reviewing a trial court's dismissal of a case upon a motion to dismiss, we treat the facts alleged in the petition as true and give that pleading its broadest intendment, construing it in favor of the plaintiff, in order to determine whether the petition invokes "substantive principles of law which entitle the plaintiff to relief." *L.C. Dev. Co., v. Lincoln County*, 26 S.W.3d 336, 339 (Mo.App.2000) (citing *Farm Bureau Town & Country Ins. Co. v. Angoff*, 909 S.W.2d 348, 351 (Mo. banc 1995)). With those principles in mind, we will proceed to examine Newman's sole point on appeal and the arguments raised in opposition to his point on appeal.

## I. NEWMAN WAS NOT REQUIRED TO RAISE HIS CLAIMS IN THE STATUTORY DECLARATORY JUDGMENT ACTION

■ Newman's sole point on appeal contends that the trial court erred in dismissing his declaratory judgment action, as his petition pled all necessary elements to state a cause of action and the claims he raised were ripe for determination. In response, the Defendants raise two arguments. First, they contend that Newman's suit is not ripe for review because the statutory involuntary annexation process has not been completed. Second, they argue that Newman is not entitled to declaratory relief because he has other legal relief available to him through the statutory declaratory judgment action that the City is required to file pursuant to Section 71.015.1(5), RSMo. We take up the latter argument first, as its resolution aids in evaluating the defendants' former contention.

As described in Section 71.015.1, RSMo, the involuntary annexation process is essentially composed of five steps. First, a city must determine whether the area to be annexed meets the contiguity and compactness requirements of Section 71.015.1(1), RSMo. Second, the city must

---

**2.** All further statutory references are to RSMo 2000, unless otherwise indicated.

propose an ordinance containing the various elements described in subsection (2) of Section 71.015.1, RSMo. Third, the city must provide notice and hold a public hearing on the ordinance regarding the annexation, including the presentation of the "plan of intent" the city intends to follow in providing city services to the area to be annexed. Fourth, the city must file a declaratory judgment action seeking judicial determination of three statutory questions.[3] Fifth, an election must be held to approve the annexation. The final two steps may be taken in either order by a City.

Defendants argue that the statutory declaratory judgment action required by Section 71.015.1, RSMo, is the sole vehicle Newman may use to raise his claims and that he is barred from filing an independent declaratory judgment action to address those issues. The City relies upon *State ex rel. Director of Revenue v. Pennoyer*, 872 S.W.2d 516 (Mo.App.1994), for the proposition that declaratory judgment may not be sought where there is a "specific, and an adequate, statutory procedure" in place for challenging the annexation. *See* 872 S.W.2d at 518 (citing *State ex rel. Dir. of Revenue v. Kinder*, 861 S.W.2d 161, 163 (Mo.App.1993)). Newman takes the position that he has no right to intervene in that action.

Section 71.015.1(5)(c), RSMo, requires that the city bring the declaratory judgment action as a class action against the inhabitants of the area to be annexed. If the area to be annexed includes a public road or highway but not all of the land adjoining that thoroughfare, the owners of that adjoining land may intervene in the

declaratory judgment action as a matter of right. § 71.015.1(9), RSMo. Newman does not appear to fall within either of these categories. The statute is silent on the question of whether intervention by other interested parties is permissible. There is no suggestion that the action is limited exclusively to the mandatory parties denominated by the statute and those who the statute states may intervene as a matter of right. On the other hand, neither does the statute provide Newman with either a conditional or unconditional right to intervene.

A similar issue was touched upon in both *State ex rel. City of Jackson v. Grimm*, 555 S.W.2d 643 (Mo.App.1977), and *In re Osage Beach*, 568 S.W.2d 539 (Mo.App. 1978), each of which addressed the issue of intervention in a statutory declaratory judgment proceeding under Section 71.015. In each case, the intervenors were other municipalities seeking to annex the same unincorporated area. Both cases determined that the intervening municipality was not entitled to intervention as a matter of right. *City of Jackson*, 555 S.W.2d at 646; *Osage Beach*, 568 S.W.2d at 541. Instead, intervention was determined to be at the discretion of the court, on a permissive intervention basis. *Osage Beach*, 568 S.W.2d at 541.

Even if Newman could intervene in the statutory declaratory judgment action, it does not follow that he is limited to intervention and is barred from raising the issue in a separate declaratory judgment action. *Osage Beach* also states that a party who does not have the status of a necessary party or an intervenor as a matter of right with regard to the statutory

**3.** Those questions are: (1) whether the area to be annexed meets the contiguity and compactness requirements of Section 71.015; (2) whether annexation is reasonable and necessary to the proper development of the city;

and (3) whether the city is able to provide normal municipal services to the property within a reasonable time not to exceed three years. § 71.015.1(5), RSMo.

declaratory judgment action (in other words, is only a permissive intervenor) can file an independent declaratory judgment action to adjudicate that party's claims. *See* 568 S.W.2d at 541. The reasoning behind this conclusion is sound. If a trial court has the discretion to bar Newman from intervening in the statutory declaratory judgment action, then that action cannot be the sole means by which parties such as Newman may judicially challenge the annexation. Such parties must be afforded some other opportunity to raise their claims.

We are cognizant that judicial economy would be served by permitting other parties to intervene in the statutory judgment action where, as here, a party seeks to raise allegations closely related to and touching upon the core issues to be decided in the statutory declaratory judgment action, as laid out in Section 71.015.1(5), RSMo. Permitting intervention would help avoid the possibility of a city needing to litigate similar issues multiple times against different challengers. We are obliged to follow the lead of *Osage Beach*, however, and conclude that such challenges may be asserted through independent declaratory judgment actions. When appropriate, the interests of judicial economy could be served through the consolidation of related cases for purposes of discovery and/or trial. *See* Rule 66.01(b).

## II. THE CLAIMS RAISED BY NEWMAN ARE RIPE FOR ADJUDICATION

■ Having determined that Newman could properly bring a declaratory judgment action to raise his claims regarding the propriety of the annexation does not end our inquiry. We must also address the defendants' second argument, which contends that Newman's declaratory judgment action was properly dismissed by the trial court for the reason that his claims were not ripe for judicial review.

The City's argument is a little confusing as to when it believes Newman's claim would become ripe. At one point, the City seems to take the position that they would be ripe upon filing of the statutory declaratory judgment action. At another, the City also argues, in passing, that Newman's claim would not be ripe until "the statutory procedure for the involuntary annexation had been fully completed," which would presumably mean that the statutory declaratory judgment action and the electoral stage of the annexation process had been resolved in favor of the annexation.

■■ Ultimately, the question of ripeness turns on whether the facts are sufficiently developed to permit a conclusive adjudication of the issue presented. *See Waterman v. City of Independence*, 446 S.W.2d 471, 474–75 (Mo.App.1969). Put another way, "[a] ripe controversy exists if the parties' dispute is developed sufficiently to allow the court to make an accurate determination of the facts, to resolve a conflict that is presently existing, and to grant specific relief of a conclusive character." *Mo. Health Care Ass'n v. Atty. Gen. of the State of Mo.*, 953 S.W.2d 617, 621 (Mo. banc 1997) (citing *Commonwealth Ins. Agency, Inc. v. Arnold*, 389 S.W.2d 803, 806 (Mo.1965)).

Using those principles as our touchstone, we conclude that the issues raised by Newman became ripe upon the City's adoption of the annexation ordinance. The ordinance included, as required by statute, findings that reflect the three elements of the statutory declaratory judgment action as outlined in Section 71.015.1(2). Prior to adoption of the ordinance a public hearing was also held, after proper notice. The hearing provided the City with the opportunity to develop the record and the factual support that would be brought forward

and relied upon during the statutory declaratory judgment action. The City adopted the annexation ordinance after having assessed the facts bearing upon the issues, having evaluated the positions of the proponents and opponents of the annexation, and having considered the proposed plan of intent to provide city services to the area to be annexed. Having taken those steps and having resolved to move forward with the annexation, the issues and underlying facts became ripe for the City to proceed to the step of filing the statutory declaratory judgment action. Likewise, the issues became ripe for parties such as Newman to raise their own challenges to the annexation, whether by seeking to intervene in the statutory action or though an independent declaratory judgment action. The trial court, therefore, erred by dismissing the declaratory judgment action on the grounds that Newman's claims were not ripe.

### III. DISMISSAL OF THE MEMBERS OF THE BOARD OF ALDERMEN WAS NOT AN ABUSE OF DISCRETION

■ Having found that Newman could pursue a statutory declaratory judgment action with regard to the proposed annexation and that his claims were ripe for review by the trial court, there remains one final issue raised by defendants that we must address. In the proceedings below, the individual members of the Warsaw Board of Aldermen sought to be dismissed from the action below on the grounds that Newman had also brought suit against the City of Warsaw. The individual aldermen contend that they were not proper parties to the declaratory judgment action because the City of Warsaw, as a fourth-class city, may sue and be sued in its own name, the individual aldermen have no ability to bind either the Board or the City, and the petition sought no prospective or affirmative relief specific to the aldermen. The

aldermen reiterate their arguments on appeal, which Newman fails to address in either of his briefs filed with this court.

The aldermen rely upon *Glidewell v. Hughey*, 314 S.W.2d 749, 752 (Mo. banc 1958), in support of their position. *Glidewell* concerned a declaratory judgment action in which the plaintiff filed suit against the City of Springfield and the members of its Board of Public Utilities, together with other defendants. The individual board members sought dismissal from the case, employing essentially the same argument as asserted by the Aldermen in the present action. The *Glidewell* court, while acknowledging that the City was the proper party in interest, refused to dismiss the individual board members, however. The Court's decision was premised upon the permissive joinder rule, stating that "[t]his authority should be liberally construed in a declaratory judgment suit, which has its historical affinity in equity, and with which may be heard claims for affirmative equitable relief." *Id.* It also held that keeping the board members as parties to the action was appropriate "in view of the duties imposed upon the members of the Board by the City charter and the equitable remedies that would be available against them in connection with this action. . . ." *Id.*

■ It is important to note, however, that *Glidewell* involved a different procedural posture than the case at bar. In *Glidewell*, the question was whether the trial court erred in *refusing* to dismiss the individual board members. But, here, the Aldermen were dismissed from the action by the trial court. A trial court may order that a party be dropped from the action upon motion by any party or upon its own motion. Rule 52.06. We generally review such decisions using an abuse of discretion standard. *See Kraft v. Edwards*, 946 S.W.2d 775, 775–76 (Mo.App.1997). So,

the question before us is whether the trial court abused its discretion in dismissing the Aldermen from the action.

Newman does not address the Aldermen's arguments on appeal. He does not challenge their assertion that the City is the true party in interest and that the participation of the individual board members as parties to the action is superfluous. Nor does he claim that he is seeking specific declaratory relief or equitable relief with regard to the individual Aldermen. Absent any justification why the individual aldermen should remain party to the action, we cannot conclude that the trial court abused its discretion by dismissing the individual members of the Board of Aldermen from the action.

### CONCLUSION

Having addressed the issues raised on appeal, we sustain Newman's sole point on appeal in part. The trial court's dismissal of Newman's declaratory judgment action is reversed, with the exception of the dismissal of the individual members of the Warsaw Board of Aldermen, which we affirm. The matter is hereby remanded to the trial court for further proceedings consistent with this opinion.

PAUL M. SPINDEN, Presiding Judge, and THOMAS H. NEWTON, Judge, concur.