# United States Court of Appeals

### For the Eighth Circuit

_____

No. 19-1726

_____

Brock Fredin

*Plaintiff - Appellant*

v.

Elizabeth A. Clysdale; David E. McCabe; Grace Elizabeth Miller; Catherine Marie
Schaefer; Lindsey E. Middlecamp

*Defendants - Appellees*

_____

Appeal from United States District Court
for the District of Minnesota

_____

Submitted: February 14, 2020
Filed: February 20, 2020
[Unpublished]

_____

Before GRUENDER, WOLLMAN, and STRAS, Circuit Judges.

_____

PER CURIAM.

Brock Fredin appeals the district court's[1] adverse judgment in his action raising constitutional claims under 42 U.S.C. § 1983, and state law claims based on diversity jurisdiction. Upon careful de novo review, we affirm. *See Jessie v. Potter*, 516 F.3d 709, 712 (8th Cir. 2008) (standard of review). We agree that Fredin failed to state claims for abuse of process, fraud, negligent misrepresentation, or conspiracy. *See Tuttle v. Lorillard Tobacco Co.*, 377 F.3d 917, 926 (8th Cir. 2004) (holding that a Minnesota state law conspiracy claim failed where it was not supported by a viable underlying tort claim); *Valspar Refinish, Inc. v. Gaylord's, Inc.*, 764 N.W.2d 359, 368-69 (Minn. 2009) (listing the elements of fraud and negligent misrepresentation, which both require that the plaintiff relied on the false information); *Hoppe v. Klapperich*, 28 N.W.2d 780, 786 (Minn. 1947) (setting forth the elements of an abuse of process claim).

As to Fredin's Fourth Amendment claim, we find that the subsequent invalidation of the stalking statute did not retroactively extinguish probable cause for the search warrant obtained to seek evidence of that crime. *See Illinois v. Krull*, 480 U.S. 340, 349-50 (1987) (declining to apply the Fourth Amendment's exclusionary rule where the officer relied in objective good faith on the statute authorizing the search, even though the state court subsequently deemed the statute unconstitutional); *Michigan v. DeFillippo*, 443 U.S. 31, 37-38 (1979) (holding that probable cause to arrest the defendant existed even where the ordinance was later found unconstitutional, because a prudent police officer should not have been required to anticipate that a court would invalidate the ordinance). We also find that the district court did not abuse its discretion in denying Fredin leave to file a third amended complaint. *See Trim Fit, LLC v. Dickey*, 607 F.3d 528, 531-32 (8th Cir. 2010).

---

[1]The Honorable Susan Richard Nelson, United States District Judge for the District of Minnesota, adopting the report and recommendations of the Honorable Hildy Bowbeer, United States Magistrate Judge for the District of Minnesota.

The judgment is affirmed. *See* 8th Cir. R. 47B. We deny the sanctions requested by Miller, Schaefer, and Middlecamp under Federal Rule of Appellate Procedure 38.

_____